# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AF TECH, Inc.,**

                Plaintiff,

      -vs-                                                           **Case No. 11-C-367**

**TRUMPF, Inc.,**

                Defendant.

# DECISION AND ORDER

AF Tech, Inc. is a Wisconsin corporation in the business of selling, installing, and servicing industrial equipment in the states of Wisconsin and Michigan. Trumpf, Inc. is a Connecticut corporation engaged in the business of importing, manufacturing and selling metal forming products and other machine tools, tooling parts and accessories. According to the allegations in the complaint, AF Tech was the exclusive dealer of Trumpf-brand products in Wisconsin and the upper peninsula of Michigan from 2004 until Trumpf terminated the relationship in 2010. AF Tech brings five claims under the Wisconsin Fair Dealership Law ("WFDL") and two claims for breach of contract. Trumpf moves to dismiss the dealership claims and one of the contract claims. Trumpf also moves for a more definite statement on the remaining contract claim (count VI).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In evaluating a motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's well-pleaded

allegations as true, and draws reasonable inferences in plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests;'" additionally, the complaint's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations omitted).

Trumpf argues that it did not grant AF Tech a "dealership" under the WFDL because it did not grant "the right to sell or distribute goods, or use a trade name, trademark, service mark, logotype, advertising or other commercial symbol." Wis. Stat. § 135.02(3)(a). Yet the complaint contains numerous allegations detailing the extent to which AF Tech invested in advertising. For example, AF Tech alleges that it "published its relationship with AF Tech as a dealer to the machine tool industry and to the general public, on the Internet, in print advertising and in correspondence between itself and AF Tech and its other dealers in the United States;" that it "invested in e-commerce in order to achieve the market share that Trumpf-brand products maintained prior to June 30, 2010;" and that it "invested in its sales staff and has devoted considerable resources and energies to add contents to its e-marketing efforts." Complaint, ¶¶ 21-23; *see also* ¶12 ("From time to time, representatives of AF Tech made video productions with respect to the safe use of Trumpf-based equipment, which

-2-

videos served to promote the Trumpf brand of industrial equipment in the Dealership Territory marketplace"); ¶ 19 ("AF Tech was given the right to utilize Trumpf's trademarks, servicemarks, logos and designations . . .").

It is true, as Trumpf argues, that for the "use of a trademark to make a business a dealership under the WFDL, 'more is required than the mere right to use a commercial symbol, or even *de minimus* use.'" *Van Groll v. Land O' Lakes, Inc.*, 310 F.3d 566, 570 (7th Cir. 2002) (quoting *John Maye Co., Inc. v. Nordson Corp.*, 959 F.2d 1402, 1410 (7th Cir. 1992)). The alleged dealer must make a "substantial investment in the trademark" because "*de minimus* investment in a trademark is not sufficient for the alleged dealer to be 'over the barrel' so as to warrant protection under the WFDL. As the WFDL protects dealers who face inherently superior bargaining power, those dealers with only a *de minimus* investment in the grantor's trademark are not implicated." *Moodie v. Sch. Book Fairs, Inc.*, 889 F.2d 739, 743 (7th Cir. 1989). The pleading stage is surely not the proper context to evaluate whether AF Tech used Trumpf's trademarks or logos "in a way that ties its fortunes to the reputation of the grantor, giving the grantor superior bargaining power that it might use to exploit the dealer." *Maye* at 1410. Drawing all reasonable inferences in favor of the plaintiff, AF Tech states a plausible claim that it made a substantial investment in Trumpf's trademarks. *Van Groll* at 570 ("defining 'dealership' in terms of trademark use is meant to protect against situations in which a dealer spends money advertising for or promoting a company, an investment that is lost when the company terminates the relationship"). To the extent that the contract authorized only a "limited" or "conditional" right to utilize Trumpf's trademarks,

the parties' course of performance can vary the terms of the written contract. *Kornacki v. Norton Perf. Plastics*, 956 F.2d 129, 132 (7th Cir. 1992).

In Count VII, AF Tech seeks repayment for monies advanced to provide adult entertainment for Trumpf employees and customers during a trip to Germany in 2005. Trumpf argues that this claim is governed by Connecticut law pursuant to the parties' choice of law provision in the underlying Sales Representative Agreement. Trumpf then argues that because this claim is based on an oral agreement, it is barred by Connecticut's three-year statute of limitations. Conn. Stat. § 52-581(a). However, since this claim is brought pursuant to an oral agreement that is separate and apart from the actual written agreement, the choice of law provision probably does not apply. The Court is not in a position to conduct an appropriate choice of law analysis, so the motion to dismiss will also be denied as to Count VII.

Finally, Trumpf moves for a more definite statement with respect to Count VI of the complaint. In this claim, AF Tech alleges that it is entitled to more than $200,000 in unpaid sales commissions. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are generally disfavored, and they are not to be used as substitutions for discovery. *Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994). In a contract action, the plaintiff need only recite the relevant agreement, the basic contents of the agreement, and the pertinent parties. *Id.* at 560-61. AF Tech claims that it is owed a certain amount of commissions

pursuant to Section 5 of the Sales Representative Agreement. There is nothing vague or ambiguous about this claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Trumpf's motion to dismiss [D. 3] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **November 29, 2011** at **10:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time to join other parties and to amend the pleadings; to file motions; and to complete discovery.

4. The scheduling order may also: modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; provide for the disclosure or discovery of electronically stored information; include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; the date or dates for conferences before trial, a final pretrial conference, and trial; and any other matters appropriate in the circumstances of the case.

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule

26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case.

7.     The written report must include the telephone numbers where the parties can be reached for this call.

8.     In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the Principles Relating to the Discovery of Electronically Stored Information. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the Standing Order Relating to the

Discovery of Electronically Stored Information in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 6th day of October, 2011.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**